*59] The opinion of the Court was delivered by
Colcock, J.
On this subject, the statutes and acts of assembly are so comprehensive, so clear, and so explicit in their language, that it is a matter of surprise that any doubts should be entertained as to the authority of the Court to order the amendment in the present case. It was anticipated by Judge Blackstone, that as the net of technical jargon, in which justice had been so long entangled, was destroyed by these statutes, that this unseemly degree of strictness would, in a few years, be no more remembered. The first statute (14 Ed. 3, c. 6)[2] gave the power to amend process, where there was one syllable or one letter too much or too little. 2 Sellon Prac. 455. But the 8th Hen. 6, c. 12,[3] extended to the judges the power of amending “ any record, process, word, plea, warrant of attorney, writ, panel, or return,” (“ in affirmance of the judgments of such records and processes.”) Ib. The 21th Eliz. c. 5,[4] and 4 & 5 Anne, c, 16,[5] gave power to amend all imperfections, defects, and w®nis of form after demurrer joined and entered, except such as the party demurring shall specially and -particularly set down. Ib. 462, 463. The 16 & 11 Car. 2, c. 8,[6] declaring that after verdict, “judgment thereupon shall not be stayed or reversed, for default in form or lack of form,” or for certain other defects or irregularities, enumerating a great number of particulars of form; and concluding “ that all such omissions, variances, defects, and all other matters of like nature, not being against the right of the matter of the suit, &c., shall be amended.” Ib. 464. The 4th of Anne, c. 16, declares, that the statute of jeofails shall extend to judgments upon confession, nil decit or non sum informatus, which shall be amendable, as judgments obtained on verdicts. And the power is extended to all suits and to all the courts of record in the kingdom. And lastly by our Act of 1134, Grimke P. L. 139, Brev. Dig. 22[7] writs of error and appeal are made amendable ; and the only limits to the exercise of these powers, is as to criminal cases.
White, for the motion. Petigru, Solicitor, contra.
[*60 *There are other statutes of force in Great Britain, on this subject, which we have nothing to do with, and which, I am aware, have led to mistakes on this subject. But upon the brief review which I have taken of those, which are of force here, I think all doubt, as to the authority exercised by the presiding judge, in this case, must vanish.
The motion is discharged.
Bay, Gantt, ISTott, Johnson and BjchaRdson, JJ., concurred.

 2 Stat. 421.

 2 Stat. 429. -

 This Statute, inserted in Grimke’s P. L., Appen. No. 1, p. 11, is omitted in the Statutes at large; as are many other Statutes in that Appendix, and all in Appendixes No. 2 and No. 3.

 Misplaced in Stat. at Large, 2 Stat. 432.

 2 Stat. 519.

 3 Stat. 383, § 7.